UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JOSEPH PEREZ,<br><br>　　　　　　　　　　Plaintiff<br><br>　v.<br><br>CHARLIES DANIELS, et al.,<br><br>　　　　　　　　　　Defendants | Case No. 2:21-cv-2059-GMN-EJY<br><br>SCREENING ORDER |

Plaintiff Joseph Perez, who is incarcerated in the custody of the Nevada Department of Corrections ("NDOC"), has submitted a civil-rights complaint under 42 U.S.C. § 1983 and has filed an application to proceed *in forma pauperis*. (ECF Nos. 1, 1-1). The matter of the filing fee will be temporarily deferred. Perez also moves the Court to appoint him a free attorney (ECF No. 1-2) and for summonses to be served by the U.S. Marshal. (ECF No. 3). The Court now screens Perez's civil-rights complaint pursuant to 28 U.S.C. § 1915A, defers ruling on his motion for appointment of counsel, and denies his motion to serve summonses.

**I.    SCREENING STANDARD**

Federal courts must conduct a preliminary screening in any case in which an incarcerated person seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* §§ 1915A(b)(1), (2). *Pro se* pleadings, however, must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990). To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) the violation of a right secured by the Constitution or laws of the United States; and (2) that the alleged violation was committed by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

In addition to the screening requirements under § 1915A, under the Prison Litigation Reform Act ("PLRA"), a federal court must dismiss an incarcerated person's claim if "the allegation of poverty is untrue" or if the action "is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief can be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915 when reviewing the adequacy of a complaint or an amended complaint. When a court dismisses a complaint under § 1915(e), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Lab. Corp. of Am.*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if the plaintiff clearly cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *See id.*

Additionally, a reviewing court should "begin by identifying pleadings [allegations] that, because they are no more than mere conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "While legal conclusions can provide

the framework of a complaint, they must be supported with factual allegations." *Id.* "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* "Determining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* Finally, all or part of a complaint filed by an incarcerated person may be dismissed *sua sponte* if that person's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.*, claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.*, fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327–28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

## II.  SCREENING OF COMPLAINT

In his Complaint, Perez sues ten Defendants for events that took place while he was incarcerated at High Desert State Prison ("HDSP"). (ECF No. 1-1 at 1–5).[1] Perez sues NDOC Director Charles Daniels; Warden Calvin Johnson; NDOC Medical Director Michael Minev; Director of Nursing Bob Faukner; Director of Nursing Services Sonya Carillo; and Nurses Jamie Cabrera, Malo, B. Gutierez, Arhynard, and A. Buen. (*Id.* at 5). Perez alleges two claims and seeks declaratory, injunctive, and monetary relief. (*Id.* at 7–12).

Perez alleges the following. He has a high-blood-pressure condition, a severe spinal injury, and pain in and damage to his left arm. (*Id.* at 6). Doctors have prescribed Perez medications for his conditions, including Lisinopril, Baclofen, Meloxican, and fish oil pills. (*Id.*) From 2018 to 2021, prison staff have denied Perez's requests for his medication. (*Id.*) Minev, Faukner, and Carillo "had knowledge of the negligent acts of pill call nursing staff and didn't take action to resolve their pattern of misconduct against

---

[1] Prisoner John Snow (#19598) prepared or helped prepare Perez's Complaint. ECF No. 1-1 at 12.

plaintiff." (*Id.* at 7.) Those Defendants are "responsible for the overall administrative supervision of all medical division employees at their institution." (*Id.*)

Defendants Jamie, Malo, Gutierez, Buen, and Arhynard denied Perez's requests for medication. (*Id.*) "Pill call staff wear I.D. badges backwards not displaying their complete names." (*Id.*) Perez has hundreds of documents to support his allegations. (*Id.*) Defendants also delayed Perez's rehabilitation and did not provide him medication after that therapy to assist his recovery, which caused him pain and worsened his high-blood-pressure condition. (*Id.* at 8.)

Based on these allegations, Perez contends that Defendants were deliberately indifference to his serious medical needs or were negligent. The Court liberally construes the Complaint as bringing claims based on three different theories of liability: (1) deliberate medical indifference by not supplying prescribed high-blood-pressure and pain-relieving medication, (2) deliberate-medical indifference by delaying rehabilitation for injuries, and (3) state law negligence. The Court addresses each theory and any related issues in turn.

### A.   Eighth Amendment—deliberate medical indifference claims

The Eighth Amendment prohibits the imposition of cruel and unusual punishment and "embodies broad and idealistic concepts of dignity, civilized standards, humanity, and decency." *Estelle v. Gamble*, 429 U.S. 97, 102 (1976) (quotation omitted). A prison official violates the Eighth Amendment when he acts with "deliberate indifference" to the serious medical needs of an inmate. *Farmer v. Brennan*, 511 U.S. 825, 828 (1994). "To establish an Eighth Amendment violation, a plaintiff must satisfy both an objective standard—that the deprivation was serious enough to constitute cruel and unusual punishment—and a subjective standard—deliberate indifference." *Snow v. McDaniel*, 681 F.3d 978, 985 (9th Cir. 2012), *overruled on other grounds by Peralta v. Dillard*, 744 F.3d 176, 1082–83 (9th Cir. 2014).

To establish the first prong, "the plaintiff must show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant

injury or the unnecessary and wanton infliction of pain." *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006) (quotations omitted). To satisfy the deliberate indifference prong, a plaintiff must show "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." *Id.* "Indifference may appear when prison officials deny, delay or intentionally interfere with medical treatment, or it may be shown by the way in which prison physicians provide medical care." *Id.* (quotations omitted).

Based on the allegations, for four years nurses Jamie, Malo, Gutierez, Buen, and Arhynard denied his requests for medication. Perez was prescribed the medications by a doctor to treat his high-blood-pressure condition and pain he suffers from an injury. Minev, Faukner, and Carillo knew that the nurses did not provide Perez with his prescribed medications because they are their supervisors. And prison staff delayed supplying Perez rehabilitation after he was injured. The Court finds that these allegations are not sufficient to state a colorable claim of deliberate indifference to serious medical needs against any Defendant.

Perez adequately alleges that he had a serious medical need for blood-pressure medication and pain-relieving medication. But Perez does not plead facts to support his conclusion that nurses Jamie, Malo, Gutierez, Buen, and Arhynard denied his requests for medication. Although Perez does not need to have detailed allegations, he must plead some facts to state a colorable claim. For example, Perez does not plead facts describing the circumstances of at least one instance where each nurse denied his request for medication. Perez does not even plead information in a summary fashion, like that he filed many grievances asking for his prescribed medications over the years and each nurse denied at least one grievance without scheduling him to see a provider or supplying him the prescribed medication. So Perez has not shown with facts that either Jamie, Malo, Gutierez, Buen, or Arhynard was deliberately indifferent to his need for medication.

Perez also does not plead facts about when he was injured, how he was injured, when he asked for or was told he needed rehabilitation treatment, information about those

events, or when he received rehabilitation therapy. Nor does he plead facts about who delayed his rehabilitation therapy. What this means is that Perez has not established either prong of the Eighth Amendment analysis for his theory that prison officials were deliberately indifferent when they delayed his rehabilitation therapy.

As for Perez's allegations about Minev, Faukner, and Carillo, he does not plead any facts to causally connect any of those Defendants to the denial of his prescribed medications or delay of his rehabilitation therapy. Perez's allegation that those Defendants acted in a supervisory capacity is not enough to state a claim for supervisory liability under § 1983. A defendant is liable under § 1983 "only upon a showing of personal participation by the defendant." *Perez v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). "A supervisor is only liable for constitutional violations of his subordinates if the supervisor participated in or directed the violations, or knew of the violations and failed to act to prevent them. There is no respondeat superior liability under [§] 1983." *Id.*; *see also Iqbal*, 556 U.S. at 676 (holding that "[b]ecause vicarious liability is inapplicable to *Bivens* and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution").

"A showing that a supervisor acted, or failed to act, in a manner that was deliberately indifferent to an inmate's Eighth Amendment rights is sufficient to demonstrate the involvement—and the liability—of that supervisor." *Starr v. Baca*, 652 F.3d 1202, 1206–07 (9th Cir. 2011). "Thus, when a supervisor is found liable based on deliberate indifference, the supervisor is being held liable for his or her own culpable action or inaction, not held vicariously liable for the culpable action or inaction of his or her subordinates." *Id.* at 1207. As such, "a plaintiff may state a claim against a supervisor for deliberate indifference based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by his or her subordinates." *Id.*

The Court thus finds that Perez's allegations do not state a colorable claim for deliberate medical indifference against any Defendant or under any theory. But it does not yet appear that Perez cannot state any set of facts upon which relief could be granted.

So the Eighth Amendment deliberate-indifference-to-serious-medical-needs claims are dismissed without prejudice and with leave to amend.

### B. State law negligence

Perez appears also alleges a claim for negligence. (*See* ECF No. 1-1 at 7). Under Nevada law, the State of Nevada has generally waived sovereign immunity for state tort actions in state court. Nev. Rev. Stat. § 41.031(1). To sue the State of Nevada or a state employee, the plaintiff must sue the State of Nevada or appropriate political subdivision. Nev. Rev. Stat. §§ 41.031, 41.0337. "In any action against the State of Nevada, the action must be brought in the name of the State of Nevada on relation of the particular department, commission, board or other agency of the State whose actions are the basis for the suit." *Id.* § 41.031(2).

In *Craig v. Donnelly*, 439 P.3d 413 (Nev. App. 2019), the Nevada Court of Appeals held that "while a plaintiff must name the State as a party to any state tort claims in order to comply with NRS 41.031 and NRS 41.0337, this statutory requirement does not apply to 42 U.S.C. § 1983 claims, even when brought in the same complaint as a plaintiff's state tort claims. Indeed, the State cannot be named as a party to a plaintiff's § 1983 civil rights claims." *Id.* at 414. In *Craig*, the Nevada Court of Appeals addressed whether a plaintiff had to name the State as a party in a <u>state</u> court case. *Id.* at 413.

With respect to <u>federal</u> court cases, the State of Nevada does not waive its immunity from suit conferred by the Eleventh Amendment. Nev. Rev. Stat. § 41.031(3). Generally, the State of Nevada and arms of the state cannot be sued in federal court. *See O'Connor v. State of Nev.*, 686 F.2d 749, 750 (9th Cir. 1982) (holding that "Nevada has explicitly refused to waive its immunity to suit under the eleventh amendment . . . The Supreme Court has made it clear that section 1983 does not constitute an abrogation of the eleventh amendment immunity of the states"). In *Stanley v. Trustees of California State Univ.*, 433 F.3d 1129, (9th Cir. 2006), the Ninth Circuit held that 28 U.S.C. § 1367 does not abrogate state sovereign immunity for supplemental state law claims. *Id.* at 1133–34. Although the State of Nevada may consent to federal court jurisdiction for state

law claims through removal, this is not a removed case. *See Lapides v. Bd. of Univ. Sys. Of Ga.*, 535 U.S. 613 (2002) (holding that state's removal of suit to federal court constitutes waiver of its sovereign immunity).

For this reason, the Court finds that Perez must raise his state law negligence claim in state court and dismisses that claim accordingly. *See Hirst v. Gertzen*, 676 F.2d 1252, 1264 (9th Cir. 1982) (holding that, where Montana law deemed governmental entities indispensable parties in a state tort claim against a county employee, the federal court had no supplemental jurisdiction over the state tort claim if it had no jurisdiction over the indispensable party).

## III.   LEAVE TO AMEND

The Court does not grant Perez leave to amend in any way that he sees fit. Perez has leave to amend by alleging additional true facts to show that that (1) any Defendant was aware of Perez's need for rehabilitation therapy for his injury or medication to treat his high-blood-pressure condition or pain from his injury and (2) acted or failed to act in response to that need. The Court does not give Perez leave to assert new claims.

If Perez chooses to file an amended complaint, he is advised that an amended complaint replaces the prior complaint, so the amended complaint must be complete in and of itself. This means that the amended complaint must contain all facts and claims and identify all defendants that Perez intends to sue. He must file an amended complaint on the Court's approved prisoner-civil-rights form, and it must be entitled "First Amended Complaint." Perez must follow the instructions on the form. He need not and should not allege very many facts in the "nature of the case" section of the form. Rather, in each count, Perez should allege facts sufficient to show what each Defendant did to violate his civil rights. Perez must file an amended complaint **by March 28, 2022**.

## IV.   MOTION TO SERVE SUMMONSES

Perez moves the court to direct the U.S. Marshal to serve summonses on the Defendants in this case. (ECF No. 3). The Court has now dismissed Perez's claims either with prejudice or with leave to amend, so the time to serve any defendant with a summons

and copy of the complaint has not yet come. If necessary, the Court will enter an order later describing how service of process should be conducted in this case. The Court therefore denies Perez's motion to serve defendants with process.

**V.  CONCLUSION**

It is therefore ordered that a decision on the application to proceed *in forma pauperis* (ECF No. 1-1) is **deferred**.

It is further ordered that a decision on the motion to appoint counsel (ECF No. 1-2) is **deferred**.

It is further ordered that the motion to serve summonses (ECF No. 3) is **denied**.

It is further ordered that:

- The claim for Eighth Amendment deliberate indifference to serious medical needs (not supplying prescribed high-blood-pressure and pain-relieving medication) is **dismissed without prejudice and with leave to amend**;
- The claim for Eighth Amendment deliberate indifference to serious medical needs (delaying rehabilitation for injuries) is **dismissed without prejudice and with leave to amend**; and
- The claim for state law negligence is **dismissed without prejudice but without leave to amend** as amendment in federal court would be futile.

It is further ordered that Defendants Charles Daniels, Calvin Johnson, Michael Minev, Bob Faukner, Sonya Carillo, Jamie Cabrera, Malo, B. Gutierez, Arhynard, and A. Buen are **dismissed without prejudice** from the Complaint.

It is further ordered that if Perez chooses to file an amended complaint curing the deficiencies of his Complaint as outlined in this order, he must use the approved form for filing a § 1983 complaint, write the words "First Amended" above the words "Civil Rights Complaint" in the caption, and file the amended complaint **by March 28, 2022.**

It is further ordered that if Perez chooses not to file an amended complaint curing the stated deficiencies of the Complaint, this action will be dismissed without prejudice for failure to state a claim.

Finally, the Clerk of the Court is directed to:

- **File** the Complaint (ECF No. 1-1); and
- **Send** Perez a copy of the Complaint (ECF No. 1-1), the approved form for filing a § 1983 complaint, and instructions for the same.

DATED THIS __28__ day of February, 2022.

_____
Gloria M. Navarro, Judge
United States District Court